IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WYDREICUS TERREZ DENISON, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 7 : 13-CV-58 (HL) |
| M. SPRADLIN, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on April 29, 2013, raising claims of excessive force. (Doc. 1). Presently pending herein are Plaintiff's Dispositive Motion (Doc. 12), and Motion for Summary Judgment (Doc. 15). In these motions, the Plaintiff seeks a dispositive ruling on his claims.

Plaintiff maintains that he is entitled to the entry of summary judgment in his favor based on the Defendant's alleged use of excessive force on August 8, 2012, and the Defendant's alleged failure to respond to Plaintiff's Complaint. (Docs. 12, 15). Plaintiff has supported his motions for summary judgment with his affidavits, argument, and copies of grievance forms and witness statements. *Id.*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers,
> or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

In his motions for summary judgment, which were filed prior to any personal service on the Defendant herein, the Plaintiff asserts that he is entitled to the entry of judgment in his favor based on his version of the facts of this case. In addition to the premature filing of these dispositive motions, it is clear that the Plaintiff has failed to satisfy his burden of establishing that no genuine issues of material fact remain in this case. Plaintiff's summary judgment motions consist merely of a reiteration of his claims as set out in his Complaint, in addition to summary conclusions that the facts as alleged establish the violation of his constitutional rights. Accordingly, it is the Recommendation of the undersigned that the Plaintiff's motions for summary judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations set out herein with the Honorable Hugh Lawson, United States District

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these recommendations.

**SO RECOMMENDED**, this 8th day of May, 2014.

s/  **_THOMAS Q. LANGSTAFF_**

UNITED STATES MAGISTRATE JUDGE

asb