**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

WYDREICUS TERREZ DENISON,          :
                                   :
            Plaintiff,             :
                                   :
VS.                                :
                                   :          **7 : 13-CV-58 (HL)**
M. SPRADLIN,                       :
                                   :
            Defendant.             :
_____:

## RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on April 29, 2013, raising claims of excessive force.   (Doc. 1).   Plaintiff asserts that Defendant Spradlin used excessive force against him on August 2 or 8, 2012 while Plaintiff was confined at Valdosta State Prison. *Id.*   Presently pending herein is the Defendant's Motion to Dismiss (Doc. 24), wherein Defendant Spradlin asserts that the Plaintiff failed to provide complete and truthful answers regarding his litigation history in his initial Complaint.   The Defendant also asserts that any official capacity claim for money damages is barred by the Eleventh Amendment and § 1983.

***Abuse of process***

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level".   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550
> U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).   Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

Plaintiff signed his Complaint on April 15, 2013, and it was filed with the Court on April 29, 2013.   (Doc. 1).   The Defendant points out that in his Complaint, the Plaintiff failed to disclose the additional lawsuit he submitted to the Court on that same day, thereby abusing the judicial process.   In his Complaint, Plaintiff responded "No" to the following question:

> 4.   Other than an appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?

(Doc. 1, p. 2).

The Defendant asserts that the Plaintiff had, in fact, at the time he submitted this lawsuit, submitted another lawsuit for filing in this Court, raising Eighth Amendment claims regarding a separate incident.   (Doc. 24); *see Denison v. Dep't. of Corr.*, Civil Action No. 7 : 13-CV-59 (HL) (M.D.Ga.) (filed April 29, 2013 and dismissed by the Plaintiff May 23, 2013).   Thus, the Defendant maintains that Plaintiff failed to disclose other pending litigation when he filed this lawsuit and submitted a false statement in answering "No" to the question regarding other lawsuits, thereby abusing the judicial process.

2

In *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit specifically upheld a dismissal based on abuse of process, where the inmate plaintiff had failed to fully disclose all prior litigation on his civil complaint form.   Additionally, in *Hood v. Tompkins*, 197 F. App'x. 818, 819 (11th Cir. 2006), the Court upheld a sanction of dismissal based on a prisoner plaintiff's failure to disclose prior lawsuits, finding the relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court.   The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) has been exerted and upheld on multiple occasions.   *See Shelton v. Rohrs*, 406 F. App'x. 340 (11th Cir. 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986) (noting that court had discretion to dismiss suit without prejudice under 28 U.S.C. § 1915 based on a false allegation of poverty); *Wells v. McNiff*, 2010 WL 3927773 (M.D.Ga. Oct. 4, 2010)(CDL) (dismissing complaint as frivolous under 1915(e)(2)(B)(i)); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla. Dec. 13, 2006) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation); *Tucker v. Santa Rosa County Sheriff's Dep't.*, 2007 WL 1245899 (N.D.Fla. April 25, 2007) (upholding dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of judicial process); *Williamson v. Hamelton*, 2007 WL 1746916 (N.D.Fla. June 15, 2007) (dismissal pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation).

3

However, when a dismissal without prejudice is entered in a case in which the statute of limitations precludes a plaintiff from refiling his claim, the dismissal is, in effect, with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) ("[a dismissal without prejudice that] has the effect of precluding [plaintiff] from refiling his claim due to the running of the statute of limitations . . . is tantamount to a dismissal with prejudice"); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).   Herein, the events giving rise to the Plaintiff's claim took place on either August 2 or August 8, 2012, and the governing statute of limitations ran on either August 2 or August 8, 2014.   *Reynolds v. Murray*, 170 F. App'x. 49, 50 (11th Cir. 2006) (Section 1983 action filed in Georgia is governed by Georgia's personal injury statutory limitation period of two years).   Thus, any dismissal of this suit at this point would be a dismissal with prejudice. *Justice*, 6 F.3d at 1482; *Stephenson v. Warden, Doe*, 554 F. App'x. 835, 837 (11th Cir. 2014).

"Dismissals with prejudice are drastic remedies that are to be used only where lesser sanction would not better serve the interests of justice.   Thus, dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct.   Mere negligence is insufficient to justify a finding of delay or willful misconduct.   We previously have held that cutting off a plaintiff's potentially meritorious action is an unduly harsh sanction for failing to prosecute his claim or comply with a court order, absent willful or contumacious conduct. " *Stephenson*, 554 F. App'x. at 837 (*internal citations omitted*).   "An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury."   *Fanning v. Bullard*, 2014 WL 911990 (S.D.Ala. 2014); *Pierson v. Shelton*, 2007 WL

4

2710407 (M.D.Ala., Sept. 13, 2007) ("Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i).").

There is no evidence of malicious intent on the part of the Plaintiff in not revealing the second lawsuit submitted for filing on the same day.   Initially, the Court notes that the Plaintiff did not and was not required to sign his Complaint under penalty of perjury.   (Doc. 1).   In response to the Defendant's Motion to Dismiss, the Plaintiff maintains that his "actual pro-se and informa pauperis wasn't granted, and the plaintiff wasn't sure whether the court would allow him to proceed, nor was either suit docketed, that was why the plaintiff accidentally left blank spaces pertaining to certain questions."   (Doc. 28-1, p. 2).   Plaintiff asks "how is it possible for the plaintiff to express another lawsuit when the case hasn't been given a docket # nor has its process started."   *Id.* at p. 3.   While Plaintiff signed both lawsuits on the same day, it is not clear that either suit had actually been submitted for filing when the Plaintiff was completing his complaint forms.   *Cf. Stephenson*, 554 F. App'x. at 837 (plaintiff's failure to disclose prior lawsuit was not necessarily malicious, as lawsuit was four years old, plaintiff had disclosed other lawsuits, and suit did not clearly fall into category of suits listed in the question; non-malicious failure to disclose would not support a dismissal with prejudice); *Brown v. McLaughlin*, 2014 WL 1908829 (M.D.Ga. 2014) (HL) (record, which showed that plaintiff misinterpreted complaint form and was not motivated by maliciousness or intent to deceive, would not support dismissal for abuse of process).

Thus, the record before the Court does not reveal Plaintiff's bad faith or intentional misstatement of his litigation history.   "In the absence of a finding of bad faith misstatement of assets, litigiousness, or manipulative tactics . . . dismissal with prejudice is not warranted."

*Williams v. Brown*, Fed.Appx. 429, 434 (11th Cir. 2009).

***Official capacity claims***

Insofar as the Plaintiff brings this action against the Defendant in his official capacity, the Plaintiff's claims are without merit.   A state is not considered a "person" subject to suit for money damages under § 1983, such that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983".   *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989).   Thus, a suit brought against defendant prison officials in their official capacities is in reality a suit against the state and as such is not cognizable under § 1983.   *Id.*

Accordingly, it is the recommendation of the undersigned that the Defendant's Motion to Dismiss be **DENIED in part**, regarding the alleged abuse of process by the Plaintiff.   It is further recommended that Defendant's Motion to Dismiss be **GRANTED in part**, regarding the Plaintiff's official capacity money damages claims.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations set out herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these recommendations.

**SO RECOMMENDED**, this 7th day of January, 2015.

s/   ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb