IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**WYDREICUS TERREZ DENISON.**

    Plaintiff,

v.

**M. SPRADLIN,**

    Defendants.

Civil Action No. 7:13-CV-58 (HL)

**ORDER**

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff. (Doc. 32). Judge Langstaff recommends denying Defendant's Motion to Dismiss relating to the Plaintiff's alleged abuse of process and granting the motion as to Plaintiff's official capacity money damages claims. (Doc. 24).

Defendant objects to the Judge Langstaff's Recommendation and argues that Plaintiff's Complaint should be dismissed under the plain language of the Prison Litigation Reform Act ("PLRA") for failure to disclose a second lawsuit that Plaintiff purportedly signed and submitted on the same date as the foregoing action. (Doc. 33). Upon conducting a *de novo* review of the Recommendation and Defendant's objections, the Court overrules Defendant's objections and accepts and adopts the Recommendation.

Defendant suggests that Judge Langstaff's ruling is premised on an antiquated, pre-PLRA standard that takes into account the ultimate effect of the dismissal. According to Defendant, permitting Plaintiff to avoid dismissal based on the preclusive effect of the dismissal as a result of the applicable statute of limitations ignores the plain, mandatory language of the PLRA and frustrates the purpose of the statute to reduce the number of prisoner lawsuits. Defendant posits that any resulting procedural bar arising from the Plaintiff's alleged abuse of the judicial process is a natural consequence of his deception and is consistent with the intent of the PLRA to weed out cases where an inmate does not fully disclose prior litigation. Defendant's strict reading of the PLRA in isolation is mistaken.

Plaintiff here submitted two cases to the Court in what appears to be the same envelope, on the same date, April 29, 2013. (Doc. 1, Attachments 1 and 2; see also Denison v. Dep. of Corrections, et al., Civil Action No. 7:13-CV-59 (HL) (M.D. Ga.) (voluntarily dismissed May 23, 2013)). The two cases involve different allegations of fact asserted against different defendants. Defendant argues that Plaintiff ran afoul of the PLRA when in Section II of the form complaint, Plaintiff falsely responded "No" to the question inquiring about previous lawsuits filed in any federal or state court. Defendant maintains that Plaintiff's failure to identify the second lawsuit he filed at the same time as this action constitutes an abuse of the judicial process and warrants dismissal with no further discussion.

2

Under the PLRA, a district court shall dismiss a case where the Plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). As thoroughly outlined by Judge Langstaff, the Eleventh Circuit has consistently upheld dismissal under this provision based on abuse of process where an inmate fails fully to disclose all prior litigation on his civil complaint form. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), *overruled in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); see also Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006). Defendant reads the language of the PLRA as mandatory, requiring the court to dismiss every action without exception where there is evidence that the plaintiff provided the court with false information about prior litigation. However, whether or not to impose the ultimate sanction of dismissal remains within the sound discretion of the Court depending on whether the Court first finds that the failure to make the required disclosure is malicious and made in bad faith, thereby warranting dismissal.

First, the Court agrees with Judge Langstaff that there is no evidence that Plaintiff intended to deceive the Court by not referencing his second lawsuit. The civil complaint form asks the following question:

> 4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?

(Doc. 1) (emphasis in original). Plaintiff answered "No" to this initial question. The form then asks,

> 6. Have you ever submitted a lawsuit for filing in <u>any</u> federal or state court dealing with <u>facts</u> <u>OTHER</u> <u>THAN</u> those involved in this lawsuit?

(Doc. 1) (emphasis in original). Plaintiff checked neither "Yes" nor "No" in response to this question. In his response to Defendant's motion, Plaintiff posits, "how is it possible for the plaintiff to express another lawsuit when the case hasn't been given a docket # nor has its process started." (Doc. 28-1, p. 2). Plaintiff's question raises a salient point. The question posed by the form inquires about lawsuits filed in the past. Here, Plaintiff filed the two suits simultaneously. The second case, which involved a different series of events and different adversaries, was docketed after the present case. One then may reach the logical conclusion that at the time this case was docketed, Plaintiff legitimately had never filed another lawsuit. In any event, the Court is not convinced that Plaintiff's failure to include the details of the companion law suit was in any fashion malicious or deceptive as anticipated by the statute in question.

Second, even if under the strictest reading of the PLRA Plaintiff's case is due to be dismissed for failure to identify each and every suit ever filed by Plaintiff, dismissal in not an appropriate sanction under the circumstances. Under Section 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." <u>Attwood v. Singletary</u>, 105 F.3d 610,

613 (11th Cir. 1997). Where the court finds that a party knowingly filed a pleading containing false contentions, the court may impose sanctions, including dismissal. Fed.R.Civ.P. 11(c). However, where, as here, "a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." Stephenson v. Warden, 554 Fed. App'x 835, 837 (11th Cir. 2014) (citing Justice v. United States, 6 F.3d 1474, 1482 n. 15 (11th Cir. 1993)). As the Eleventh Circuit recently instructed in Stephenson,

> Dismissals with prejudice are drastic remedies that are to be used only where lesser sanction would not better serve the interest of justice. Thus, dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct. Mere negligence is insufficient to justify a finding of delay or willful misconduct.

Id. (internal citations omitted).

The statute of limitations for a Section 1983 claim filed in Georgia is governed by the state's two year statute of limitations for personal injury. Reynolds v. Murray, 170 F. App'x, 49, 50 (11th Cir. 2006). The events giving rise to Plaintiff's lawsuit occurred on August 2 or 8, 2012. The statute of limitations therefore ran on August 2 or 8, 2014. Dismissal of Plaintiff's case at this juncture thus would be a dismissal with prejudice. Stephenson, 554 Fed. App'x at 837. Judge Langstaff found, and the Court concurs, that there is no evidence that

Plaintiff engaged in bad faith, litigiousness, or manipulative tactics that would justify dismissal.

The Court accordingly accepts and adopts the Recommendation. Defendant's motion to dismiss is denied in relation to the claim of alleged abuse of process. The motion is granted regarding Plaintiff's official capacity money damages claims.

**SO ORDERED**, this 2nd day of February, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks